IN THE CIRCUIT COURT FOR Baltimore City _____
(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

**THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING**

FORM FILED BY: ☒PLAINTIFF ☐DEFENDANT   CASE NUMBER _____ (Clerk to insert)

CASE NAME: Lisa Hochtritt vs. National Railroad Passenger Corporation
                Plaintiff                              Defendant

PARTY'S NAME: Lisa Hochtritt   PHONE: _____

PARTY'S ADDRESS: 8204 Miner Street, Greenbelt, Maryland 20770

PARTY'S E-MAIL: _____

If represented by an attorney:
PARTY'S ATTORNEY'S NAME: Steven H. Heisler   PHONE: 410-625-4878
PARTY'S ATTORNEY'S ADDRESS: 1011 N. Calvert Street, Baltimore, Maryland 21202
PARTY'S ATTORNEY'S E-MAIL: sheisler@injurylawyermd.com

JURY DEMAND? ☒Yes ☐No

RELATED CASE PENDING? ☐Yes ☒No   If yes, Case #(s), if known: _____

ANTICIPATED LENGTH OF TRIAL?: ____ hours   2 days

### PLEADING TYPE

New Case:   ☒Original   ☐Administrative Appeal   ☐Appeal
Existing Case:   ☐Post-Judgment   ☐Amendment

*If filing in an existing case*, skip Case Category/Subcategory section - go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint - DOB of Youngest Plt: _____
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☒ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☒ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Workers' Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. - Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

CC-DCM-002 (Rev. 04/2017)   Page 1 of 3

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) |
|---|

- ☐ Abatement
- ☐ Administrative Action
- ☐ Appointment of Receiver
- ☐ Arbitration
- ☐ Asset Determination
- ☐ Attachment b/f Judgment
- ☐ Cease & Desist Order
- ☐ Condemn Bldg
- ☐ Contempt
- ☒ Court Costs/Fees
- ☒ Damages-Compensatory
- ☐ Damages-Punitive
- ☐ Earnings Withholding
- ☐ Enrollment
- ☐ Expungement
- ☐ Findings of Fact
- ☐ Foreclosure
- ☐ Injunction
- ☐ Judgment-Affidavit
- ☐ Judgment-Attorney Fees
- ☐ Judgment-Confessed
- ☐ Judgment-Consent
- ☐ Judgment-Declaratory
- ☐ Judgment-Default
- ☐ Judgment-Interest
- ☐ Judgment-Summary
- ☒ Liability
- ☐ Oral Examination
- ☐ Order
- ☐ Ownership of Property
- ☐ Partition of Property
- ☐ Peace Order
- ☐ Possession
- ☐ Production of Records
- ☐ Quarantine/Isolation Order
- ☐ Reinstatement of Employment
- ☐ Return of Property
- ☐ Sale of Property
- ☐ Specific Performance
- ☐ Writ-Error Coram Nobis
- ☐ Writ-Execution
- ☐ Writ-Garnish Property
- ☐ Writ-Garnish Wages
- ☐ Writ-Habeas Corpus
- ☐ Writ-Mandamus
- ☐ Writ-Possession

*If you indicated Liability above*, mark one of the following. This information is **not** an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.  ☐ Liability is not conceded, but is not seriously in dispute.  ☐ Liability is seriously in dispute.

| MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs) |
|---|

☐ Under $10,000   ☐ $10,000 - $30,000   ☒ $30,000 - $100,000   ☒ Over $100,000

☒ Medical Bills $ 25,000.00+   ☒ Wage Loss $ _____   ☐ Property Damages $ _____

| ALTERNATIVE DISPUTE RESOLUTION INFORMATION |
|---|

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

A. Mediation   ☒ Yes  ☐ No            C. Settlement Conference   ☒ Yes  ☐ No
B. Arbitration ☐ Yes  ☒ No            D. Neutral Evaluation      ☐ Yes  ☒ No

| SPECIAL REQUIREMENTS |
|---|

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

| ESTIMATED LENGTH OF TRIAL |
|---|

*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.*   *(Case will be tracked accordingly)*

☐ 1/2 day of trial or less        ☐ 3 days of trial time
☐ 1 day of trial time             ☐ More than 3 days of trial time
☒ 2 days of trial time

| BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM |
|---|

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited**- Trial within 7 months of Defendant's response     ☐ **Standard** - Trial within 18 months of Defendant's response

| EMERGENCY RELIEF REQUESTED |
|---|

### COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response

☐ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☒ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff _____. |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| ☐ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

10/15/2020
Date

Signature of Counsel / Party

1011 N. Calvert Street
Address

Steven H. Heisler, Esquire
Printed Name

Baltimore    MD    21202
City    State    Zip Code

CC-DCM-002 (Rev. 04/2017)    Page 3 of 3

| | | |
|---|---|---|
| LISA HOCHTRITT<br>8204 Miner Street<br>Greenbelt, Maryland 20770 | *<br>* | IN THE<br>CIRCUIT COURT |
| Plaintiff, | * | FOR |
| v. | * | BALTIMORE CITY |
| NATIONAL RAILROAD PASSENGER<br>CORPORATION (AMTRAK)<br>1 Massachusetts Avenue, NW<br>Fifth Floor, Office 553<br>Washington, DC 200002 | *<br>*<br>* | Case No.: |
| Serve On: Resident Agent<br>CT Corporation System<br>1015 15th Street, NW<br>Suite 1000<br>Washington, DC 20005 | *<br>*<br>* | |
| and | * | |
| MARYLAND TRANSIT ADMINISTRATION<br>1515 Washington Boulevard, Suite 2600<br>Baltimore, Maryland 21230 | *<br>* | |
| Serve On: Administrator<br>Kevin B. Quinn, Jr.<br>6 St. Paul Street<br>Baltimore, MD 21202 | *<br>*<br>* | |
| Defendants | * | |

## COMPLAINT AND ELECTION OF JURY TRIAL

NOW COMES Lisa Hochtritt, Plaintiff, by counsel, Steven H. Heisler, Esquire and the Law Offices of Steven H. Heisler, and sues National Railroad Passenger Corporation (Amtrak) and Maryland Transit Administration, the Defendants, and states as follows:

### JURISDICTION AND VENUE

1. Plaintiff, Lisa Hochtritt is a resident of Prince George's County, Maryland.

2. The Defendant, National Railroad Passenger Corporation (Amtrak) is the owner

and/or lessor/lessee of the train where the accident described below occurred, and conducts business in Baltimore City, Maryland.

3. The Defendant, Maryland Transit Administration, is the owner and/or lessor/lessee of the train where the accident described below occurred, and conducts business in Baltimore City, Maryland.

4. The incident herein described occurred at Penn Station, 1500 North Charles Street, Baltimore, Maryland 21201, where venue is asserted.

## FACTS COMMON TO ALL COUNTS

5. Plaintiff hereby incorporates paragraphs 1 - 4 as though fully set forth herein.

6. On or about August 7, 2018, the Plaintiff was a passenger on train #414 at the above referenced location.

7. As the Plaintiff walked to exit the train a large steel metal plate, which is normally hooked on a latch on the floor, was unlatched and loose. The Plaintiff's foot got caught under the loose and unlatched metal plate and she fell to the floor sustaining significant injuries.

## COUNT I -- NEGLIENCE
(Lisa Hochtritt v. National Railroad Passenger Corporation (Amtrak))

8. Plaintiff hereby incorporates paragraphs 1 – 7 as though fully set forth herein

9. Defendant, National Railroad Passenger Corporation (Amtrak) had a duty to maintain the train in a reasonably safe condition for all passengers.

10. Defendant, National Railroad Passenger Corporation (Amtrak) had a further duty to inspect the floors and premises to make certain that they were safe, working properly and did not present a danger to passengers on the train.

11. Defendant, National Railroad Passenger Corporation (Amtrak), and its agents, servants and/or employees were further negligent in that Defendant knew or should have known

that the existing condition in a commonly traveled area would pose a risk of injury to the Plaintiff, as well as to other passengers.

12. Defendant, National Railroad Passenger Corporation (Amtrak), and its agents, servants and/or employees, breached its duty to Plaintiff by: (a) failing to keep and maintain the train in a safe and reasonable manner; (b) failing to prudently observe and identify the existing condition and the danger it may cause; (c) failing to post proper and legible notices, disclosures or disclaimers in the area adjacent to the site of the accident; and (d) being otherwise careless, negligent and reckless.

13. As a direct and proximate result of the negligence of Defendant, National Railroad Passenger Corporation (Amtrak), Plaintiff was caused to suffer serious, painful, disabling and permanent bodily injuries in and about the head, body and limbs, and has been caused and will be caused in the future to suffer great physical pain, mental anguish and injuries to her nerves and nervous system, and has been caused and will continue to incur great medical expenses for the care and treatment of her injuries and wounds; has been caused and will continue to be caused in the future to be precluded from engaging in and attending to her normal activities, duties and pursuits; and has been caused and will continue to be caused in the future to expend great sums of money for other expenses incidental to the damages arising out of the occurrence; and the Plaintiff was otherwise hurt, injured and damaged, now and in the future indeterminately.

14. Plaintiff further avers that none of her losses, damages or injuries are due to any contributory negligence on her part.

WHEREFORE, Plaintiff demands judgment against the Defendant, National Railroad Passenger Corporation (Amtrak) in an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS in compensatory damages.

## COUNT II – NEGLIENCE
(Lisa Hochtritt v. Maryland Transit Administration)

15. Plaintiff hereby incorporates paragraphs 1 – 14 as though fully set forth herein.

16. Defendant, Maryland Transit Administration had a duty to maintain the train in a reasonably safe condition for all passengers.

17. Defendant, Maryland Transit Administration had a further duty to inspect the floors and premises to make certain that they were safe, working properly and did not present a danger to passengers on the train.

18. Defendant, Maryland Transit Administration, and its agents, servants and/or employees were further negligent in that Defendant knew or should have known that the existing condition in a commonly traveled area would pose a risk of injury to the Plaintiff, as well as to other passengers.

19. Defendant, Maryland Transit Administration, and its agents, servants and/or employees, breached its duty to Plaintiff by: (a) failing to keep and maintain the premises in a safe and reasonable manner; (b) failing to prudently observe and identify the existing condition and the danger it may cause; (c) failing to post proper and legible notices, disclosures or disclaimers in the area adjacent to the site of the accident; and (d) being otherwise careless, negligent and reckless.

20. As a direct and proximate result of the negligence of Defendant, Maryland Transit Administration, Plaintiff was caused to suffer serious, painful, disabling and permanent bodily injuries in and about the head, body and limbs, and has been caused and will be caused in the future to suffer great physical pain, mental anguish and injuries to her nerves and nervous system; and has been caused and will continue to incur great medical expenses for the care and treatment of her injuries and wounds; has been caused and will continue to be caused in the future to be

precluded from engaging in and attending to her normal activities, duties and pursuits; and has been caused and will continue to be caused in the future to expend great sums of money for other expenses incidental to the damages arising out of the occurrence; and the Plaintiff was otherwise hurt, injured and damaged, now and in the future indeterminately.

21. Plaintiff further avers that none of her losses, damages or injuries are due to any contributory negligence on her part.

WHEREFORE, Plaintiff demands judgment against the Defendant, Maryland Transit Administration in an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS in compensatory damages.

Respectfully submitted,

Steven H. Heisler, Esquire
CPF# 8812150283
Law Offices of Steven H. Heisler
1011 N. Calvert Street
Baltimore, Maryland 21202
sheisler@injurylawyermd.com
410-625-4878
*Counsel for Plaintiff*